# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHUCK SHIELDS <br> 7 Merry Turn Road <br> Levittown, PA 19056 <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA WATER DEPARTMENT <br> 1101 Market Street <br> Philadelphia, PA 19107-2994 <br><br> Defendant | : <br> : <br> : <br> : JURY DEMANDED <br> : <br> : <br> : <br> : No. <br> : <br> : <br> : <br> : |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Chuck Shields, is an adult individual residing at the above address.

2. Defendant, Philadelphia Water Department is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Mr. Shields exhausted him administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and applicable federal and state laws.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Shields was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.  Mr. Shields' date of birth is February 27, 1964, and he is currently 59 years of age.

9.  On or about April 15, 2019, Chuck Shields was hired by Philadelphia Water Department as an Industrial Electrician. Mr. Shields worked primarily at the Samuel S. Baxter Water Treatment Plant located at 9001 State Road, Philadelphia, PA 19136.

10. Mr. Shields performed all duties asked of him without any complaints or issues.

11. Mr. Shields was being harassed by his manager, Tim Lapacinski on the basis of Mr. Shield's age.

12. Mr. Lapacinski had made multiple comments about Mr. Shields age, stating that he is too old to be doing this type of work.

13. During his employment, Mr. Shields reported Mr. Lapacinski for age discrimination to his supervisor and plant manager Nicole Charlton, no action was taken and Mr. Lapacinski's behavior continued towards Mr. Shields.

14. After Mr. Shields reported Tim Lapacinski's behavior, Mr. Lapacinski ratcheted up his behavior and began to retaliate against Mr. Shields by subjecting him to increased scrutiny and harassment in the form of making unfounded complaints about him and by following him around stalking him, and making him a target.

15. Mr. Shields was abused and subjected to retaliation by Mr. Lapacinski like this for about eight months.

16. Mr. Shields had spoken out in a town hall type meeting against Mr. Lapacinski for engaging in this behavior.

17. During the town hall type meeting, other employees had also raised concerns about Mr. Lapacinski's behavior.

18. Following the town hall meeting, Mr. Lapacinski began to singling out those people who spoke against him and retaliated against them.

19. Due to Mr. Lapacinski's behavior, he caused eleven people to quit electrical.

20. On January 18, 2022, Mr. Shields wrote an email to Linda Kramer, Water Utility Director, about the harassment and retaliation that he was experiencing from Mr. Lapacinski.

21. On January 21, 2022, Mr. Shields then contacted James Oshaughnessy, Employee and Labor Relations Manager, to report that Mr. Lapacinski's behavior was escalating, that he felt like he had a target on his back, and that he wished to transfer out of his department.

22. On January 24, 2022, Mr. Shields again wrote to Mr. Oshaughnessy that Mr. Lapacinski was now trying to pit everyone against him.

23. On January 25, 2022, Mr. Shields called Mr. Oshaughnessy and told him that Mr. Lapacinski's behavior was escalating and now he was in fear for his life.

24. Defendant took no action in response to Mr. Shields' call and in fact Mr. Oshaughnessy emailed Mr. Shields on January 26, 2022, and stated that he had, "been busy with other issues all week."

25. On February 15, 2022, Mr. Oshaughnessy emailed Mr. Shields that the investigation into his complaints would resume later that week because the department has been experiencing a heavy volume of complaints due to the return to work from virtual.

26. On February 23, 2022, Mr. Shields emailed Mr. Oshaughnessy asking for a status update because nothing had happened despite the fact that he reported that he felt his life was threatened.

27. Later that day, Mr. Oshaughnessy responded by email to Mr. Shields that the investigation into his complaints was ongoing and that the Unit had identified serious misconduct that needed to be addressed.

28. Soon after this email to Mr. Oshaughnessy, Mr. Shields was accused of allegedly putting tools in his truck.

29. Mr. Shields explained to his manager, Kevin that he saw the tools in the high voltage room.

30. Shortly thereafter, Mr. Shields was terminated.

31. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

### COUNT I
### ADEA CLAIM - DISCRIMINATION
### (29 U.S.C. § 621 et seq.)

32. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

33. At set forth above, Plaintiff's status as a male over the age of forty (40) places him in a protected class.

34. Defendant took adverse action against Plaintiff by terminating his employment.

35. Plaintiff's membership in a protected class, age, was the sole factor in Defendant's decision to discriminate against, harass and terminate Plaintiff's employment.

36. Upon information and belief, subsequent to his termination, Plaintiff's job duties were subsumed by a younger employee.

37. As such, Defendant's decision to terminate Plaintiff's employment on account of his age is an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

38. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

40. Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

### COUNT II
### ADEA - RETALIATION
### 42 U.S.C.A. § 2000e-2(a)

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. At set forth above, Plaintiff made complaints about age discrimination and harassing conduct in workplace and as such, Plaintiff was engaged in protected activity under the ADEA.

43. Defendant took adverse action against Plaintiff by terminating his employment.

44. As set forth above, Plaintiff's participation in protected activity was the cause of Defendant's decision to terminate his employment.

45. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the ADEA.

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

48. Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

## COUNT III
## UNLAWFUL DISCRIMINATION BASED ON AGE IN VIOLATION OF THE PHRA

49. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

50. At all times material hereto, Plaintiff was greater than forty (40) years of age, thereby a member of the class protected by the PHRA.

51. At all times, Plaintiff was qualified to perform the work for which he was hired by Defendant.

52. Upon information and belief, subsequent to his termination, Plaintiff's job duties were subsumed by a younger employee.

53. As set forth above, Plaintiff was treated less favorably than other younger employees.

54. As set forth above, Defendant terminated Plaintiff's employment.

55. Plaintiff's age was the reason for Defendant treating his less favorably than other younger employees and for terminating his employment.

56. As such, Defendant's actions constitute violations of the PHRA.

57. Defendant acted intentionally and willfully.

58. Any non-discriminatory reason(s) offered by Defendant for its actions is pretextual.

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

60. Pursuant to the PHRA, Plaintiff demands attorneys' fees and court costs.

**COUNT IV**

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
### (43 P.S. § 951, *et. seq.*)

61. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

62. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

63. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

64. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

65. Defendant's termination of Mr. Shields's employment constituted retaliation for engaging in protected activity by objecting to harassment that he was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

66. As a proximate result of Defendant's conduct, Mr. Shields sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Shields has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

67. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Mr. Shields demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Chuck Shields, demands judgment in his favor and against Defendant, Philadelphia Water Department, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

                    BY:  */s/ Mary Lemieux-Fillery, Esquire*
                    **MARY LEMIEUX-FILLERY, ESQUIRE**
                    (PA I.D. 312785)
                    Two Penn Center
                    1500 JFK Boulevard, Suite 1240
                    Philadelphia, PA 19102
                    Ph: 267-546-0132
                    Fx: 215-944-6124
                    *Attorney for Plaintiff, Chuck Shields*

Date: 4/24/2023